CONFESSION OF ERROR
BASKIN, Judge.
J.J., a juvenile, appeals an adjudication of delinquency for the unsupervised use of a weapon by a minor, pursuant to section 790.22, Florida Statutes (1991).[1] In the trial court, J.J. filed a motion to dismiss this charge, arguing that the statute creates a criminal offense only for adults who negligently supervise a juvenile using weapons. The trial court denied the motion.
The state’s confession of error correctly asserts that the adjudication of delinquency for violation of section 790.22(1) may not stand. Section 790.22 provides:
(1) The use for any purpose whatsoever of BB guns, air or gas-operated guns, electric weapons or devices, or firearms as defined in s. 790.001 by any child under the age of 16 years is prohibited unless such use is under the supervision and in the presence of an adult.
(2) Any adult responsible for the welfare of any child under the age of 16 years who knowingly permits such child to use or have in his possession any BB gun, air or gas-operated gun, electric weapon or device, or firearm in violation of the provisions of subsection (1) of this section is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(Emphasis supplied.) The only case construing this statute in the context of a delinquency proceeding is In the Interest of W.O.C., 318 So.2d 148 (Fla. 4th DCA1975). The trial court relied on the authority of W. O. C. to adjudicate J.J. delinquent. The W. O. C. court held that section 790.22(1) “creates a criminal offense, subjecting juvenile offenders to arrest and prosecution,” W.O.C., 318 So.2d at 148, citing section 775.08, Florida Statutes (1973),[2] presumably for the proposition that in the absence of a classification for the offense in section 790.22(1), the offense was a misdemeanor.
The trial court improperly relied on W.O.C. and erred in denying J.J.’s motion to dismiss this charge: First, section 775.08, pursuant to a 1974 amendment, Ch. 74-383, § 4, Laws of Florida, may no longer be relied upon to construe section 790.-22(1) as a misdemeanor. Second, section 775.08, Florida Statutes (1973), is inapplicable to an analysis of section 790.22 because subsection 790.22(2) specifically designates that an adult found to be in violation of that statute is guilty of a second degree misdemeanor. Finally, a clear and unambiguous statute must be given its plain and obvious meaning. Holly v. Auld, 450 So.2d 217 (Fla.1984). The plain language of section 790.22 indicates that an adult, not the minor who engages in the proscribed activity, is guilty of a misdemeanor. Legislative intent should be determined by examining the statute as a whole. See State v. Rodriguez, 365 So.2d 157 (Fla.1978). This statute, read as a whole, does not demonstrate any legislative intent to subject juveniles to criminal sanctions. Section 790.22(1) pro *1141 hibits the use of weapons by minors, but does not create a criminal offense subjecting a minor to an adjudication of delinquency. W.O.C., 318 So.2d at 148 (Mager, J., dissenting).
For the foregoing reasons, the adjudication of delinquency for violation of section 790.22(1) is hereby reversed.
Reversed.

. J.J. was also adjudicated delinquent for improper exhibition of a firearm.

. Section 775.08, Florida Statutes (1973), defined felonies and misdemeanors, and specified that "[e]very criminal offense that is not a felony as provided in this section is a misdemean- or." This language was deleted, and the section was extensively revised in a 1974 amendment. Ch. 74-383, § 4, Laws of Fla.